IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                                No. CIV S-09-0600 FCD EFB PS

    vs.

TERESA MARTY, dba ADVANCED
FINANCIAL SERVICES, LLC,

        Defendant.                          <u>ORDER</u>

                                                      /

       This matter, in which defendant proceeds in *pro se*, was referred to the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1).

       Plaintiff's complaint, filed on March 4, 2009, seeks to permanently enjoin defendant from engaging in activities that allegedly violate the Internal Revenue Code. Plaintiff has filed a motion for preliminary injunction. Dckt. No. 6. That motion was originally scheduled for hearing before Judge Damrell. Dckt. No. 11. However, that hearing was vacated by the order referring all pretrial proceedings in this case to the undersigned.[1] Dckt. No. 15 (citing Local

---

[1] The defendant appears to misunderstand the basis for the referral. She asserts that she did not consent to proceed before a Magistrate Judge. Dckt. No. 19. She confuses, however, the general referral of pretrial proceedings in "*pro se*" cases under Local Rule 72-302(c)(21) and 28

1

Rule 72-305(c)(21)). The motion for preliminary injunction is hereby reset for hearing on Wednesday, June 3, 2009, at 10:00 a.m., in Courtroom No. 25, before the undersigned.

Defendant seeks an extension of time within which to file an opposition to the motion. Dckt. No. 17.[2] That request is granted. Defendant shall file her opposition on or before May 20, 2009, and plaintiff may file a reply on or before May 27, 2009.

Defendant filed her Answer to the complaint on March 27, 2009. She purports to include within the answer motions to dismiss and for a more definite statement. Her motions do not comply with Local Rule 78-230 and will be disregarded. Defendant is referred to Rule 78-230 (b) for the appropriate procedure for filing and noticing a motion. Defendant is also cautioned to consult, carefully, Rule 11 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), regarding the signing and filing of pleadings. Rule 11 provides for the imposition of sanctions against a party who files a pleading or motion in violation of the rule.[3]

Finally, the court reminds the parties that a Status (Pretrial Scheduling) Conference is set before the undersigned on August 5, 2009 at 10:00 a.m., in Courtroom No. 25. Dckt. No. 16.

---

U.S.C. § 636(b)(1), with referral of the entire case for all purposes, including final judgment, upon the parties' consent to jurisdiction of the Magistrate Judge pursuant to Local Rule 73-305, 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73. The latter referral occurs only upon the consent of all parties. The former is automatic pursuant to Local Rule 72-302(c)(21), and does not require the consent of the parties.

This case is before the undersigned under the limited referral of pretrial proceedings of Local Rule 72-302(c)(21), and accordingly, the motion for preliminary injunction will be heard and addressed in proposed findings and recommendations – not a final order – for the district judge's *de novo* review.

[2] Plaintiff has filed a statement of nonopposition to this request. Dckt. No. 21.

[3] The court notes that one basis identified by defendant for seeking dismissal, that she cannot discern identity of the plaintiff because the United States used capital letters in the caption and omitted the words "of America" when it identified the attorneys for the government, is patently frivolous. Including wholly frivolous arguments in briefs on motions violates Rule 11. Similarly, there appears to be little doubt as to subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a), 7407, and 7408, or that defendant's California residency, her operation of a tax business in California, and the personal service of process upon her (Dckt. No. 4) are sufficient to establish personal jurisdiction. Fed. R. Civ. P. 4(e)(2)(B).

Per plaintiff's request, the parties may meet and confer telephonically, rather than in person, regarding the mandatory disclosures required by Fed. R. Civ. P. 26. They shall file their status reports or joint status report no later than July 22, 2009.

To summarize, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunction, Dckt. No. 6, shall be heard on Wednesday, June 3, 2009, at 10:00 a.m., in Courtroom No. 25, before the undersigned.

2. Defendant's motion to enlarge time within which to file her opposition to plaintiff's motion, Dckt. No. 17, is granted. Defendant shall file her opposition on or before May 20, 2009; plaintiff may file a reply on or before May 27, 2009.

3. Defendant's purported motions that she included in her answer (Dckt. No. 13) and without compliance with the Local Rules are disregarded and defendant is referred to Local Rule 78-230 and Rule 11, Fed. R. Civ. P.

4. Defendant's objections to the assignment of this case to the undersigned, Dckt. No. 19, are overruled.

5. A Status (Pretrial Scheduling) Conference is set before the undersigned on August 5, 2009 at 10:00 a.m., in Courtroom No. 25, Dckt. No. 16. The parties may meet and confer telephonically, rather than in person, regarding the mandatory disclosures required by Fed. R. Civ. P. 26. The parties shall file their status reports or joint status report no later than July 22, 2009.

6. The parties are reminded that Local Rule 11-110 provides for imposition of sanctions for the failure to comply with the Federal or Local Rules, or any order of the court.

IT IS SO ORDERED.

DATED: April 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE