IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CIV S-09-0600 FCD EFB PS

vs.

TERESA MARTY, dba ADVANCED FINANCIAL SERVICES, LLC,

    Defendant.
    /

<u>ORDER</u>

On April 23, 2009, this court set plaintiff's motion for a preliminary injunction for hearing on June 3, 2009, and granted defendant's request for an extension of time within which to file her opposition. The defendant was ordered to file her opposition on or before May 20, 2009, and plaintiff to file its reply on or before May 27, 2009.

Defendant's deadline, as extended, has passed and she has not filed her opposition or a statement of non-opposition. Nor has she otherwise communicated with the court other than to file, on April 28, 2009, her Rule 26 initial disclosures, and further notification that she does not consent to the jurisdiction of the magistrate judge.[1]

---

[1] As explained in the April 23 Oreder, plaintiff's failure to consent to the jurisdiction of the undersigned for all purposes does not impact the current proceedings. "[D]efendant confuses the two types of referrals that may be made to the magistrate judge: (1) referral as a "*pro se*

1

Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be personally served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date,[2] or, in this case, by May 20, 2009. Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Pro se litigants are bound by the local and federal rules of procedure, even though pleadings are liberally construed in their favor. Local Rule 83-183; *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In the instant case, failure of defendant to timely file an opposition shall be deemed a statement of non-opposition to plaintiff's motion for preliminary injunction.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of June 3, 2009, is vacated, and continued to July 15, 2009, at 10:00 a.m., in Courtroom No. 25.

2. Defendant shall show cause, in writing, no later than July 1, 2009, why sanctions should not be imposed for failure timely to file an opposition or a statement of non-opposition to the pending motion.

---

case," pursuant to Local Rule 72-302(c)(21), and 28 U.S.C. § 636(b)(1) (see also Local Rules 72-303 and 72-304), and (2) referral for all purposes, including final disposition, which requires the consent of all parties, pursuant to Local Rule 73-305, 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73. The referral of this *pro se* case to the undersigned is automatic pursuant to Local Rule 72-302(c)(21) and does not require the consent of the parties. The undersigned will file findings and recommendations – not final dispositions – for the district judge's review regarding both plaintiff's motion for preliminary injunction and complaint for permanent injunction. Accordingly, defendant's objections to the assignment of this case are overruled." Order filed April 23, 2009, at p. 1-2, n. 1.

[2] Electronic or mail service of an opposition upon the moving party must be made *seventeen* days preceding the scheduled hearing date. Local Rule 78-230(c).

3. Defendant shall also file a written opposition, if any, to the motion, or a statement of non-opposition thereto, no later than July 1, 2009. Defendant shall timely serve her opposition or statement of non-opposition on plaintiff. *See* n. 2, *supra*, and related text.

4. Plaintiff may file a reply on or before July 8, 2009.

5. Failure of defendant to timely file an opposition shall be deemed a statement of non-opposition to plaintiff's motion for preliminary injunction. Defendant is again cautioned that her failure to comply with the Local Rules or orders of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. Such sanctions may include striking a pleading or entering a default judgment against the disobedient party. Rules 16(f) and 37(b)(2)(A)(iii), (vi), Fed. R. Civ. P.

IT IS SO ORDERED.

DATED: May 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE