1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11         Plaintiff,                    No. CIV S-09-0600 FCD EFB PS

12   vs.

13   TERESA MARTY, dba ADVANCED
     FINANCIAL SERVICES, LLC,
14
           Defendant.                    ORDER
15   _____/

16          On July 24, 2009, prior to the issuance of the court's findings and recommendations on

17   plaintiff's motion for a preliminary injunction, defendant Teresa Marty filed a document,

18   entitled, "Objection to Magistrate Edmund F. Brennan Characterising [sic] Defendant From the

19   Bench Without Evidence or Fact on Record."  Dckt. No. 33.  The document objects to a

20   statement allegedly made the undersigned at the July 15, 2009 hearing on the plaintiff's motion

21   for a preliminary injunction.  Defendant claims that the undersigned stated that "we have to do

22   something to stop unscrupulous tax preparers like yourself,"[1] Dckt. No. 33, at p. 2, and that this

23   _____

24          [1] Defendant explains: "With no evidence on record to support such allegation or
     statement Defendant considers this to be a legal determination without conclusions of fact and
25   law, at best, and practice of law from the Bench at worst. [¶ ] Defendant rightfully objects on the
     grounds the utterance was unprofessional, outside the rules of conduct, and exhibited an
26   unwarranted and unacceptable prejudice toward Defendant with out facts in evidence."  Dckt.

                                          1

statement demonstrated prejudice against her.  The court construes defendant's "Objection," as a motion for recusal and denies the motion.

As a threshold matter, the alleged statement that plaintiff relies on was never made.  The transcript of the July 15, 2009 hearing does not contain the statement attributed to the undersigned.  Defendant may be paraphrasing a statement by the court, made after defendant requested a stay of the court's decision to recommend granting the motion for preliminary injunction.  Defendant requested that she be allowed to complete work for her long-term tax clients.  The court responded as follows:

> [T]hat's the very concern that prompted the motion for the preliminary injunction. To the extent that there are clients that are being legally compromised, or jeopardized by these tax returns that are being prepared, that are including improper -- well, in the government's position, fraudulent assertions for tax refunds, other people are being harmed.  It's not just the government that's harmed by this.  There's the people that are buying into this belief system are being harmed.  And so that's a -- the very reason for the government bringing this preliminary injunction motion is to protect those clients.

Transcript of July 15, 2009 hearing, pp. 3-4.  The court took plaintiff's request for a stay under submission, stating, "I will take that under submission, I'm not inclined to grant a stay at all, but I'll consider the matter."  *Id.* at p. 4.  In the court's subsequent findings and recommendations, the undersigned recommended, based on the findings of fact set forth therein, that defendant's request for a stay be denied.  Dckt. No. 34, at pp. 10, 11.

Section 455 of Title 28 provides in pertinent part:

> (a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)  He shall also disqualify himself in the following circumstances:
>
> > (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

No. 33, at p. 2.

28 U.S.C. § 455(a),(b)(1); *see also* 28 U.S.C. § 144 (request for recusal upon filing affidavit).

Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994.).  Where the source of alleged bias or prejudice is a judicial proceeding, defendant must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Id.* at 488.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 491.  Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard.  *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980).

The undersigned has made no statement in this case demonstrating a lack of impartiality. Rather, the undersigned's statements at the July 15, 2009 hearing reflect the balancing of interests required by the court.  The court's statements suggested neither prejudice against defendant nor bias toward plaintiff, nor did they exhibit any personal knowledge by the undersigned of disputed evidentiary facts.  Rather, the court expressly deferred consideration of defendant's stay request pending further review of the parties' papers.  Thereafter, the court recommended denial of defendant's request based on overwhelming preliminary evidence indicating that defendant has been filing fraudulent tax returns and associated forms on behalf of third parties.

Defendant's "Objection" filed July 24, 2009, fails to demonstrate any basis upon which the impartiality of the undersigned might reasonably be questioned, and is therefore insufficient to justify recusal of the undersigned from this action.

////

////

1    Accordingly, defendant's July 24, 2009, request for recusal of the undersigned, Dckt. No.

2    33, is hereby DENIED.

3        SO ORDERED.

4    DATED:  August 21, 2009.
                                        _____
5                                       EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26